NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE VALENZUELA-FIGUEROA, AKA Jorge Valenzuela, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-72865 <br><br> Agency No. A205-314-241 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2022[**]
Pasadena, California

Before: M. SMITH, COLLINS, and LEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jorge Valenzuela-Figueroa, a native and citizen of Mexico, seeks review of an order by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of his applications for withholding of removal and protection under the Convention Against Torture (CAT). Valenzuela contends that the BIA erred when it failed to consider his claimed fear that he would be persecuted upon his return to Mexico because he is a family member of a police officer. Alternatively, Valenzuela argues this panel should terminate the removal proceeding because it was initiated by an allegedly defective Notice to Appear, thus depriving the IJ of jurisdiction. We dismiss the petition in part and deny it in part.

1.      This court does not have jurisdiction to review Valenzuela's new claim before us that his family relationship with a police officer constitutes a particular social group. Before the agency, Valenzuela argued only that he belonged to a particular social group of returning Mexicans who are perceived as wealthy. "[F]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (citation omitted). Valenzuela asserts that he mentioned his family relationship with a police officer to the BIA. But the mere mention of that fact is insufficient to put the BIA on notice that Valenzuela was arguing that this relationship constitutes membership in a particular social group. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004)

2

(issue is properly exhausted if the BIA was put on notice).  The panel thus dismisses Valenzuela's family-based withholding claim.

2.      The BIA did not err when it denied Valenzuela's withholding of removal claim based on his status as a returning Mexican who is perceived as wealthy.  As an initial matter, Valenzuela waived review of his perceived-wealth withholding claim because his opening brief did not once mention his membership in this group.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079 (9th Cir. 2013).  In any event, this claimed particular social group is not cognizable.  *See, e.g., Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016).  Without a valid particular social group to account for his fear of persecution, Valenzuela's claim for withholding of removal must fail.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

3.      The BIA did not err when it denied Valenzuela's CAT claim.  Here too, Valenzuela waived review.  Valenzuela's opening brief mentions that the BIA failed to review his CAT claim properly, but he did not specifically and distinctly argue the claim.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).  Even if it were properly before this court, Valenzuela's CAT claim fails because he did not present evidence that compels the conclusion that he will face torture by the government or with its acquiescence.  *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

4. The BIA did not err when it denied Valenzuela's request to terminate removal proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Valenzuela argues that the government's failure to specify the date, time, and place of his initial removal hearing in his Notice to Appear (NTA) means the IJ lacked jurisdiction over the removal proceedings against him. But this Circuit has held that "defects in an NTA . . . have no bearing on an immigration court's adjudicatory authority." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc). Moreover, even if a defective NTA were considered to have jurisdictional significance, there can be no question that where, as here, the alien was later provided with a Notice of Hearing that included the necessary information, the IJ had jurisdiction over those removal proceedings. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1161–62 (9th Cir. 2019).

**DISMISSED IN PART AND DENIED IN PART.**